REQUESTED BY: Dear Senator Kelly:
In your letter of February 12, 1980, you ask on behalf of the Administrative Rules and Regulations Review Committee whether or not the Nebraska Mortgage Finance Fund is an agency as that term is defined in section 84-901(1), R.S.Supp., 1978, and if the rules the fund is authorized to adopt pursuant to section 76-1626, R.S.Supp., 1978, are rules as that term is defined in section 84-901(2), R.S.Supp., 1978.
You further inquire whether, if the Mortgage Finance Fund is such an `agency' and if its rules fall within the above cited statutory definition, these rules are subject to your Committee's scrutiny and approval.
Section 84-901, provides in subsections (1) and (2) as follows:
 "(1) Agency shall mean each board, commission, department, officer, division, or other administrative office or unit of the state government authorized by law to make rules, except the Adjutant General's office as provided in Chapter 55, the courts, including the Nebraska Workmen's Compensation Court, the Court of Industrial Relations, and the Legislature;
 "(2) Rule shall mean any rule, regulation, or standard issued by an agency, including the amendment or repeal thereof whether with or without prior hearing and designed to implement, interpret, or make specific the law enforced or administered by it or governing its organization or procedure but not including regulations concerning the internal management of the agency not affecting private rights, private interests, or procedures available to the public, and not including permits, certificates of public convenience and necessity, franchises, rate orders, and rate tariffs, and any rules of interpretation thereof, and for the purpose of this act every rule which shall prescribe a penalty shall be presumed to have general applicability or to affect private rights and interests; . . ."
We believe the critical question is whether or not the Nebraska Mortgage Finance Fund is an `. . . other administrative office or unit of state government. . . .' You will note at the outset that the definition concerns only entities of `the state' government and does not encompass all political entities or political subdivisions existing within the state.
Turning first to the act itself, section 76-1607, R.S.Supp., 1978, provides for the creation of a `. . . a body politic and corporate, not a state agency, but an independent instrumentality exercising essential public functions, . . .' (Emphasis added.)
As you are aware, this fund was the subject of considerable constitutional scrutiny and analysis by the Nebraska Supreme Court in the case of State ex rel. Douglas v.Nebraska Mortgage Finance Fund, 204 Neb. 445, ___ N.W.2d ___ (1979). This office, among other contentions, argued that this fund was unconstitutional in that it was violative of Article XIII, section 3, of the Constitution of the State of Nebraska, which provides as is relevant:
 "The credit of the state shall never be given or loaned in aid of any individual, association, or corporation, . . ."
In response to this argument the Nebraska Supreme Court stated:
 "The Act does not, however, violate Article XIII, section 3, because the credit of the state is not in any manner being given or loaned in aid of any individual. Only the fund is involved. . . . The Act could not be clearer than the credit of the state is not being given or loaned in any manner."
We would be of the opinion that the Nebraska Supreme Court could not have reached such a conclusion if in fact this entity was an `administrative office or unit of the state government. . .' (84-901(1), R.S.Supp., 1978).
This office further took the position that the creation of this act permitted the state to incur indebtedness in excess of $100,000 in violation of Article XIII, section 1, of the Constitution of the State of Nebraska. In rejecting this argument the court specifically held:
 ". . . we do not believe the state is in any manner incurring a debt within the meaning of Article XIII, section 1. The bonds are repaid out of the revenue derived by the fund. No state appropriation, revenue, or a tax is used to repay the bonds. . . . There are no state funds involved in the repayment of any debt contemplated by the Act, . . ."
We would be similarly of the position that the court could not have reached this conclusion if in fact this entity was a part of state government. Once again, here we believe that the distinction between being part of `state government' and being part of the overall government of the state must be made. Cities and villages and other manners of political entities are part of the overall government of the state. This does not mean that they are part of state government.
The Nebraska Supreme Court did have occasion to refer to the delegation of the rule-making authority to the fund in State ex rel. Douglas v. Nebraska Mortgage Finance Fund,Supra, at 204 Neb. 465. It appears from the court's discussion there that they felt the Legislature had granted the fund broad authority and discretion in enacting rules and regulations and while they do not reach the question of whether or not these rules and regulations are subject to legislative scrutiny, it would appear as though the argument that their rules are within the purview of section 84-901, R.S.Supp., 1978, would greatly increase the fund's susceptibility to the constitutional challenges raised above.
Therefore, while it is difficult to say with certainty what the exact relationship between the fund and state government is, we would be of the opinion that whatever that relationship is this entity is not an `administrative Office or unit of the state government . . .' even though it very well may be a public or quasi-public corporation existing generally within the government of the State of Nebraska.
In light of this conclusion, we do not believe that it is necessary to determine whether or not its rules fall within the definition of section 84-901(2), R.S.Supp., 1978, inasmuch as the rules referred to there only concern rules adopted by agencies falling within the preceding subdivision of section 84-901. Also in light of this conclusion, our answer must be with regard to your third question that the Legislature's Rules and Regulations Review Committee would not have the power to scrutinize and approve the rules adopted by the Nebraska Mortgage Finance Fund.
If as you seem to suggest in your letter the Committee has some question about whether or not the fund is conducting its activities in conformance with original legislative intent, it may be that you or other members of the Legislature may well wish to introduce legislation to more clearly define your objectives or to direct the fund to conduct its business in a particular manner. In the absence of such specific direction, however, we do not believe that you might accomplish this purpose through the review and approval of this fund's rules and regulations.